UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| PETER G. EDWARDS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 13-0043 (ABJ) |
| | ) | |
| MICHAEL A. FREEMAN, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM OPINION

Plaintiff Peter Edwards brings this action against defendants Michael Freeman, Spirit of Faith Christian Center ("SFCC"), and Hosanna Incorporated,[1] alleging a hostile and abusive work environment in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e-16, defamation, intentional infliction of emotional distress, and negligent infliction of emotional distress. Am. Compl. [Dkt. # 3] ¶¶ 11–14. This matter is before the Court on defendants' motions to dismiss pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6). Freeman and SFCC Mot. to Dismiss Compl. [Dkt. # 4] ("Freeman/SFCC Mot. to Dismiss"); Freeman and SFCC Mot. to Dismiss Am. Compl. [Dkt. # 6]; Hosanna Mot. to Dismiss; Hosanna Reply to Pl.'s Resp. to Mot. to Dismiss or, in the Alternative, Mot. for Summ J. [Dkt. # 12]. Since plaintiff has failed to establish a basis for the Court's jurisdiction under either 28 U.S.C. § 1331 or 28 U.S.C. § 1332, the Court will grant the motions to dismiss for lack of subject matter jurisdiction

---

[1]   Plaintiff mistakenly refers to Hosanna Incorporated in his Amended Complaint as Hosanna Enterprises. *See* Def. Hosanna Incorporated's Mot. to Dismiss [Dkt. # 7] ("Hosanna Mot. to Dismiss") at 5.

pursuant to Rule 12(b)(1), and it need not and should not address the motions to dismiss on their merits.

## BACKGROUND

Plaintiff is a pastor who was affiliated with defendant SFCC and its for-profit arm, Hosanna Incorporated, for more than seventeen years. Am. Compl. ¶¶ 1, 5. Plaintiff lives in the District of Columbia. Am. Compl. ¶ 2. SFCC is a corporation formed under the laws of the District of Columbia. Ex. 1 to Freeman/SFCC Mot. to Dismiss.

In his capacity at SFCC, plaintiff served as a minister, a personal prayer minister, a ministry marriage counselor, and an instructor for the Spirit of Faith Bible Institute. Am. Compl. ¶ 1. Defendant Pastor Michael Freeman, who served as chancellor at SFCC, also appointed plaintiff to the position of executive director of the teaching ministry, and later to the positions of facilitator and Associate Pastor at SFCC's Ellicott City location. *Id.* Plaintiff claims that as a result of his ministry for SFCC, the Ellicott City location grew exponentially. *Id.* Furthermore, plaintiff alleges that he enjoyed a good reputation in his community, at SFCC, and at other ministries around the country. *Id.*

In September 2011, plaintiff requested a meeting with Freeman to address "satellite failures" that had occurred during two services plaintiff had facilitated. *Id.* ¶ 6-2.[2] He asserts that when the two met on September 24, 2011, Freeman cursed and swore at him, subjecting him to verbal abuse and embarrassment, and that Freeman left him standing in the parking lot of the church. *Id.* The two met again on October 1, 2011. *Id.* This time, Freeman allegedly accused plaintiff of having "a look on his face" and of attempting to leave the ministry without permission, and he threatened to "arrange" for plaintiff to leave the ministry. *Id.* Plaintiff

---

2   Plaintiff's Amended Complaint contains two paragraphs numbered with "6." The Court will refer to the first Paragraph 6 as "6-1" and the second Paragraph 6 as "6-2."

consequently left the ministry because he "could not continue to be subject to this kind of abuse." *Id.*

Plaintiff contends that after his departure from SFCC, Freeman attempted to ruin his pastoral reputation by making defamatory statements about him on several different occasions during services, bible studies, and nationwide broadcasts via streaming online video and podcast. *Id.* ¶¶ 6–2, 7.  On August 11, 2012, Freeman and SFCC allegedly announced in a sermon that plaintiff was contacting members of Freeman's ministry to inform them he was starting his own ministry, that plaintiff had not kept his word and was out of the order of God, and that Freeman would not support the new ministry. *Id.* ¶ 7.  Plaintiff also asserts that Freeman compared him to cult leader Jim Jones, told the congregation that plaintiff had asked to be released from the ministry without notice, and stated that he had gifted plaintiff a BMW and "a bunch of money." *Id.* ¶ 7.  The sermon was recorded, published on CDs and DVDs, and made available for purchase at Ellicott Center. *Id.* ¶ 10.  Plaintiff insists that the statements are untrue, and that they exposed him to "hatred, ridicule, contempt, and obloquy." *Id.* ¶ 9.  He also contends that they demonstrate Freeman's malice and reckless disregard toward him. *Id.* ¶ 9.

On August 12, 2012, Freeman and SFCC allegedly replayed the DVD of the previous day's sermon at five different services, which were all streamed online nationwide. *Id.* ¶ 7.  As a result, plaintiff claims that more than five thousand people with whom he had personal relationships heard the sermon at one of the services, and that over fifteen thousand people heard it online. *Id.* ¶ 10.  Plaintiff contends that defendants subsequently removed the DVD and CD copies for sale "in an effort to conceal their malfeasance and unlawful actions," and that Freeman instructed those in charge of audio and video to record only at his direction, so that his negative comments would not be memorialized on tape. *Id.* ¶ 7.

3

Plaintiff filed this lawsuit on January 10, 2013, alleging four causes of action against defendants Freeman and SFCC: Count I alleges a hostile and abusive work environment in violation of 42 U.S.C. § 2000e-16; Count II alleges defamation; Count III claims intentional infliction of emotional distress; and Count IV brings a claim of negligent infliction of emotional distress.[3]  Am. Compl. ¶¶ 11–14.  On January 30, 2013, plaintiff amended his complaint to add Hosanna Incorporated as a defendant.  Am. Compl. ¶ 5.  Defendants Freeman and SFCC moved to dismiss the original Complaint on February 4, 2013, pursuant to Rules 12(b)(1) and 12(b)(6), and moved to dismiss the Amended Complaint on the same grounds on February 14, 2013.  Defendant Hosanna Incorporated moved to dismiss on February 25, 2013, pursuant to Rule 12(b)(6), and in its reply to plaintiff's Opposition to its Motion to Dismiss, it moved in the alternative for summary judgment pursuant to Rule 56.[4]  Hosanna Incorporated's Reply [Dkt. # 11].

## STANDARD OF REVIEW

In evaluating a motion to dismiss under either Rule 12(b)(1) or 12(b)(6), the Court must "treat the complaint's factual allegations as true . . . and must grant plaintiff 'the benefit of all inferences that can be derived from the facts alleged.'"  *Sparrow v. United Air Lines, Inc.*, 216

---

[3]   Plaintiff also alleges a fifth cause of action, which he calls "punitive damages."  Am. Compl. ¶ 15.  Since punitive damages are not a cause of action, but rather a form of relief, the Court declines to consider them as such.  *See* Lori S. Nugent et al., *Punitive Damages State-by-State Guide to Law and Practice* § 7:109 (2012 ed.) ("[I]n the District of Columbia, awards of punitive damages may be assessed only upon proof of participation in or authorization of the conduct which is the basis of the punitive damage award . . . .").

[4]   The fact that Hosanna Incorporated moves to dismiss solely under Rule 12(b)(6) does not prevent dismissal of the case under Rule 12(b)(1).  Indeed, if a court lacks subject matter jurisdiction, it must dismiss the case even if a party has failed to raise the issue in a Rule 12(b)(1) motion.  *Doe ex rel. Fein v. District of Columbia*, 93 F.3d 861, 871 (D.C. Cir. 1996) ("[a] claim that the court lacks jurisdiction . . . may not be waived . . . and the court is obliged to address it *sua sponte*.").

F.3d 1111, 1113 (D.C. Cir. 2000), quoting *Schuler v. United States*, 617 F.2d 605, 608 (D.C. Cir. 1979) (citations omitted); *see also Am. Nat. Ins. Co. v. FDIC*, 642 F.3d 1137, 1139 (D.C. Cir. 2011). Nevertheless, the Court need not accept inferences drawn by the plaintiff if those inferences are unsupported by facts alleged in the complaint, nor must the Court accept plaintiff's legal conclusions. *Browning v. Clinton*, 292 F.3d 235, 242 (D.C. Cir. 2002).

Under Rule 12(b)(1), the plaintiff bears the burden of establishing jurisdiction by a preponderance of the evidence. *See Lujan v. Defenders of Wildlife*, 504 U.S. 555, 561 (1992); *Shekoyan v. Sibley Int'l Corp.*, 217 F. Supp. 2d 59, 63 (D.D.C. 2002). Federal courts are courts of limited jurisdiction and the law presumes that "a cause lies outside this limited jurisdiction." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994); *see also Gen. Motors Corp. v. EPA*, 363 F.3d 442, 448 (D.C. Cir. 2004) ("As a court of limited jurisdiction, we begin, and end, with an examination of our jurisdiction."). "[B]ecause subject-matter jurisdiction is 'an Art[icle] III as well as a statutory requirement . . . no action of the parties can confer subject-matter jurisdiction upon a federal court.'" *Akinseye v. District of Columbia*, 339 F.3d 970, 971 (D.C. Cir. 2003), quoting *Ins. Corp. of Ir., Ltd. v. Compagnie des Bauxites de Guinee*, 456 U.S. 694, 702 (1982).

When considering a motion to dismiss for lack of jurisdiction, unlike when deciding a motion to dismiss under Rule 12(b)(6), the court "is not limited to the allegations of the complaint." *Hohri v. United States*, 782 F.2d 227, 241 (D.C. Cir. 1986), *vacated on other grounds*, 482 U.S. 64 (1987). Rather, "a court may consider such materials outside the pleadings as it deems appropriate to resolve the question [of] whether it has jurisdiction to hear the case." *Scolaro v. D.C. Bd. of Elections & Ethics*, 104 F. Supp. 2d 18, 22 (D.D.C. 2000), citing *Herbert*

*v. Nat'l Acad. of Scis.*, 974 F.2d 192, 197 (D.C. Cir. 1992); *see also Jerome Stevens Pharm., Inc. v. FDA*, 402 F.3d 1249, 1253 (D.C. Cir. 2005).

## ANALYSIS

A.     **Lack of Subject Matter Jurisdiction**

The amended complaint asserts that this Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332 and 42 U.S.C. § 2000e-16. Am. Compl. ¶ 6-1. 28 U.S.C. § 1332 grants federal courts subject matter jurisdiction over civil actions between citizens of different States, where the amount in controversy exceeds $75,000. A corporation is "deemed to be a citizen of every State . . . by which it has been incorporated and of the State . . . where it has its principal place of business . . . ." 28 U.S.C. § 1332. An individual is deemed a citizen of the State of his domicile. *Newman-Green, Inc. v. Alfonzo-Larrain*, 490 U.S. 826, 828 (1989). Additionally, to establish jurisdiction under Section 1332 "there must be complete diversity [of citizenship] between the parties, which is to say that plaintiff may not be a citizen of the same state as any defendant." *Bush v. Butler*, 521 F. Supp. 2d 63, 71 (D.D.C. 2007), citing *Owen Equip. & Erection Co. v. Kroger*, 437 U.S. 365, 374 (1978). Defendant SFCC is incorporated under the laws of the District of Columbia ("the District"), Ex. 1 to Freeman/SFCC Mot. to Dismiss, and is therefore deemed a citizen of the District. *See* § 1332. Plaintiff is domiciled in the District, and accordingly is also a citizen of the District. Am. Compl. ¶ 2; *see also Newman-Green*, 490 U.S. at 828. Because plaintiff and SFCC are citizens of the same State, this case lacks complete diversity of citizenship, and the Court does not have subject matter jurisdiction under Section 1332. *See Owen*, 437 U.S. at 374.

Plaintiff also suggests that 42 U.S.C. § 2000e-16 gives rise to this Court's jurisdiction over the case. Am. Compl. ¶ 6-1. However, Section 2000e-16 does not confer federal

jurisdiction; it does not even refer to it.[5]  It is possible that plaintiff's reference to Section 2000e-16 was an attempt to invoke federal question jurisdiction pursuant to 28 U.S.C. § 1331, despite the fact that neither the Complaint nor the Amended Complaint mention federal question jurisdiction or Section 1331.  S*ee* Compl. ¶ 5, 11; Am. Compl. ¶ 6.  But even if the Court were to construe plaintiff's allegations in this manner, plaintiff nonetheless fails to establish the Court's jurisdiction over the dispute.  Section 2000e-16, entitled "Employment by Federal Government," relates solely to claims made against a government entity acting in its capacity as an employer.  *See* 42 U.S.C. § 2000e-16(a) (providing that personnel actions in military departments, executive agencies, units of the judicial branch of the Federal Government, and several other District of Columbia offices shall be made free from discrimination).  Since defendants SFCC, Hosanna Incorporated, and Freeman are not government entities or agents of the government, *see* Am. Compl. ¶¶ 3–5, their actions are not governed by Section 2000e-16 and they cannot violate it.  Accordingly, plaintiff's employment related allegations do not present a federal question, and this Court does not have federal question jurisdiction under Section 1331.  *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987) (stating that "federal question jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint").

**B.**	**Failure to State a Claim Upon Which Relief can be Granted**

Since the case must be dismissed for lack of subject matter jurisdiction, *see Owen*, 437 U.S. at 374, the Court does not reach the Rule 12(b)(6) motion for failure to state a claim upon which relief can be granted.

---

5	Plaintiff refers to 42 U.S.C. § 2000e-5(c) in his statement regarding this Court's jurisdiction, Am. Compl. ¶ 6-1, which also fails to confer or even mention federal jurisdiction.

## CONCLUSION

For the reasons set forth above, defendants' motions to dismiss for lack of subject matter jurisdiction will be granted and the case will be dismissed against all defendants for lack of subject matter jurisdiction.  A separate order will issue.

AMY BERMAN JACKSON
United States District Judge

DATE:  June 28, 2013